IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP MOULAY,

      Plaintiff,                     No. 2:09-cv-03213 GEB KJN

      v.

RAGINGWIRE ENTERPRISE SOLUTIONS, INC., a Nevada Corporation, et al.

      Defendants.                ORDER
_____/

      Presently before the court are: (1) defendant's motion for a protective order regarding the disclosure of "confidential" documents and information (see Dkt. Nos. 17); and (2) plaintiff's motion to compel the production of documents responsive to certain requests for production served by plaintiff, which also seeks $5,000 in sanctions for defendant's allegedly dilatory conduct in gathering and producing responsive documents (Dkt. No. 19).[1]  The undersigned heard this matter on its law and motion calendar on October 21, 2010.  Attorney Erika Barbara Pickles appeared on defendant's behalf.  Attorney Michael L. Tracy appeared on plaintiff's behalf.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

During the lengthy hearing, the undersigned attempted to steer the parties' counsel toward a workable, cooperative, and informal resolution of their discovery disputes. Believing that reasonable attorneys would be able to resolve these disputes without a court order, the undersigned provided the parties with an additional opportunity to informally resolve their differences regarding the entry of a protective order and the production of allegedly confidential and non-confidential documents. The undersigned also ordered that the parties file a joint status report regarding their progress on or before November 1, 2010. After receipt of the parties' joint status report, it appears that the parties were unable to resolve their disputes. (Dkt. No. 23.)

After considering all of the filings related to the pending motion for protective order and motion to compel, as well as counsel's respective arguments at the hearing, the undersigned will deny defendant's motion for a protective order on the grounds that defendant has failed to demonstrate the requisite good cause in support of the entry of such a protective order. However, as discussed below, the undersigned will impose procedures for defendant's production of documents that defendant believes are "confidential" and the resolution of any disputes regarding defendant's confidentiality designations. Additionally, the undersigned will grant plaintiff's motion to compel, which seeks purportedly confidential *and non-confidential documents* that defendant all but agrees plaintiff is entitled to receive, but that defendant has inexplicably withheld pending resolution of the motion for protective order. Finally, the undersigned will deny plaintiff's request for monetary sanctions without prejudice because plaintiff has not adequately presented the issue to the court.

I.   FACTUAL BACKGROUND

Plaintiff alleges that he was employed by defendant from approximately April 2007 through July 8, 2009. (See Compl. ¶ 4, Ex. A to Notice of Removal, Dkt. No. 1.) Defendant is an "information technology (IT) outsourcing provider that offers managed services and IT infrastructure for its customers." (Joint Statement re Mot. for Prot. Order at 4, Dkt. No. 18.) Defendant contends that plaintiff was employed as an "Operations Engineer, Level 2"

with numerous IT systems-related responsibilities, and defendant allegedly withheld overtime pay from plaintiff on the basis that plaintiff qualified for an overtime exemption based on the nature of the work plaintiff performed.  (Id.)  Plaintiff contends that he was simply a low-level, IT help-desk type employee.  (Id. at 10.)

        Plaintiff filed this overtime exemption action in the Superior Court of California for the County of Sacramento seeking unpaid overtime, related penalties under the California Labor Code, and damages under California Business & Professions Code § 17200.  (See generally Compl.)  Defendant removed the action to federal court because plaintiff's fourth claim for relief seeks unpaid overtime that was allegedly withheld in violation of the federal Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq.

        On March 11, 2010, plaintiff served defendant with a "Request for Production of Documents" ("RFPs").[2]  (Tracy Decl., Ex. B, Dkt. No. 24, Doc. No. 24-2.)  After a number of extensions granted by plaintiff, defendant filed objections and responses to plaintiff's RFPs on May 10, 2010.  (See id.)  Although it appears that defendant has produced approximately 500 pages of responsive documents, defendant's counsel represented at the October 21, 2010 hearing that at least 10,000 pages of additional, responsive discovery remain to be produced.

        In part, defendant objected to the production of some documents on the basis of the confidential nature of those documents.  Plaintiff appeared to be willing to enter into a stipulated protective order to accommodate defendant's concerns.  However, the parties were unable to agree on the terms of a proposed stipulated protective order that would govern the designation, disclosure, and use of confidential documents.  Defendant also withheld from plaintiff *non-confidential* documents to which plaintiff was entitled, apparently relying on the

---

[2] It is unclear why plaintiff served this discovery pursuant to the California Code of Civil Procedure when this matter was removed to federal court in November of 2009.  In any event, this aspect of plaintiff's discovery requests is immaterial to the resolution of the pending motions.

3

absence of a protective order regarding confidential documents.[3]

On September 29, 2010, defendant filed the motion for a protective order pending before the court. The parties filed a Joint Statement Re Discovery Disagreement, pursuant to Local Rule 251, regarding defendant's motion for protective order. (Dkt. No. 18.) The parties also filed such a joint statement regarding plaintiff's motion to compel the production of documents in response to its RFPs numbered 8, 9, 10, 11, 12, 18, and 21. (Dkt. No. 19.) It appears that although the parties' were able to come to several agreements regarding plaintiff's motion to compel, defendant refused to produce responsive confidential and non-confidential documents until the court entered a protective order.

II. DISCUSSION

Defendant seeks a protective order to protect its, and its customers' confidential business, proprietary, and/or trade secret information. See Fed. R. Civ. P. 26(c)(1)(G). It contends that plaintiff's discovery seeks confidential and sensitive materials that must be protected by a protective order prior to disclosure. Defendant seeks to designate the following broad categories of information as "confidential":

- Confidential information regarding the technology of Defendant and its customers;
- Confidential financial information of Defendant and Defendant's customers;
- Confidential trade secrets of Defendant and Defendant's customers;
- Confidential customer lists and contact information for Defendant's customers;
- Confidential pricing information;

---

[3] The interested reader may comb over the parties' lengthy filings that detail the parties' inability to reach an agreement regarding the stipulated protective order. The court does not recount the respective cries of "foul" here because it is not necessary for the resolution of the present disputes. However, as the undersigned stated at the hearing, plaintiff's counsel's frustration regarding defendant's conduct is, to a degree, understandable in light of defendant's entrenched position regarding a proposed protective order and the production of documents.

4

- Confidential information regarding Defendant's and its customers' networks, including diagrams, schematics, and addresses;
- Confidential policies and procedures of Defendant and its customers;
- Confidential password and log-on information of Defendant and its customers.

(Joint Statement Re Mot. for Protective Order at 5.)  Plaintiff agrees that some form of protective order is warranted in this case, but he disagrees with the proposed agreement presented by defendant.

Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense."  It further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Moreover, documents exchanged in discovery are presumptively public in nature.  See San Jose Mercury News, Inc. v. U.S. District Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public").

However, there are limits to these general discovery principles.  Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[4]  The party seeking the protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citation omitted).  The Ninth Circuit Court of Appeals has stated that "[a] party asserting good cause bears the burden, *for each particular document it seeks*

---

[4] A motion seeking such relief "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Although defendant's good faith during the meet and confer process presents a close call in this case, the parties' joint statement indicates that defendant has at least minimally met this burden.

5

*to protect*, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (emphasis added); see also Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" (citation and quotation marks omitted)). "'If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary.'" Rivera, 364 F.3d at 1063-64 (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)). Rule 26 confers "'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" Phillips ex re. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)).

Here, defendant has not demonstrated that good cause supports the entry of the protective order it seeks. Defendant has not identified the specific prejudice or harm that would result if its proposed protective order were not granted. It's claims of harm are overwhelmingly framed in generalized terms, and defendant made no effort to submit either affidavits substantiating the projected harm from disclosure or sample documents for review by the court. Defendant has simply listed broad categories of documents that it believes contain confidential information, the disclosure of which would purportedly cause it harm. Defendant has not articulated "good cause" as to each category of document, let alone each document it seeks to protect as confidential. As to the latter point, defendant likely cannot explain why harm or prejudice would result from the disclosure of each document at issue because, based on the filings and statements of defense counsel at the hearing, it appears that defendant's counsel has not yet reviewed the documents at issue. Thus, defendant's counsel cannot at this point articulate why good cause supports the entry of a protective order as to each document. Defendant attempts to support its motion for a protective order with the type of broad and unsubstantiated

6

allegations of harm that do not satisfy the requirements of Rule 26(c). Accordingly, the undersigned will deny defendant's motion for a protective order.

However, notwithstanding defendant's failure to meet its burden as to the entry of a protective order, the undersigned will impose procedures to ensure that: (1) defendant *promptly* produces all responsive documents and information, whether confidential or non-confidential in nature, to plaintiff, and (2) the parties have some mechanism by which to designate legitimately confidential documents and information as such. As indicated below, defendant will be required to promptly produce all responsive confidential and non-confidential information to plaintiff, and plaintiff will provisionally treat the documents and information as confidential. The parties may thereafter resolve their disputes regarding defendant's confidentiality designations consistent with the provisions stated below.[5]

These procedures should come as no surprise to defendant because defendant's counsel represented at the hearing that defendant would be amenable to such procedures and could produce all of the documents and information if provided approximately one week to do so. These procedures will end the delays to discovery in this matter and still provide defendant with an opportunity to designate documents as confidential.

The undersigned will also grant plaintiff's motion to compel the production of documents and information responsive to plaintiff's RFPs numbered 8, 9, 10, 11, 12, 18, and 21. No extended discussion regarding this motion is required here because: (1) the parties appear to have met and conferred regarding these RFPs and have come to agreements regarding appropriate disclosures; and (2) defendant has not offered any material opposition to the motion. However, as ordered below, the production of purportedly confidential documents responsive to these RFPs will be subject to the procedures regarding confidential documents outlined above.

---

[5] Defendant and its counsel should in no way view the imposition of these procedures as a victory—not even a partial victory—with respect to defendant's motion for a protective order. The court imposes these procedures only as a result of plaintiff's acknowledgment that some form of protective order is required.

7

Finally, the undersigned will deny plaintiff's request for $5,000 in sanctions, but such denial is without prejudice. First, it is not conclusive, at this time, that all of the delay has been caused by defendant. Second, plaintiff has not adequately briefed the issue of an award of expenses authorized by Federal Rule of Civil Procedure 37 or otherwise, or the basis for the amount of any such award. Thus, the undersigned is unable to rule on plaintiff's request at this time.

III.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's motion for a protective order (Dkt. No. 17) is denied.

2. Nevertheless, because plaintiff's counsel agrees that some form of protective order is required in this matter, the undersigned will impose the following procedures for the production of documents and information that defendant asserts are confidential:

a. On or before November 12, 2010, at 5:00 p.m., defendant shall produce to plaintiff all responsive documents, including those documents that it has withheld on the grounds that entry of a protective order addressing the confidential nature of these documents would be required prior to disclosure.

b. Until such time as the parties or the court has resolved the appropriateness of defendant's confidentiality designations as addressed below, plaintiff and his counsel shall not use or disclose documents and information provisionally designated by defendant as "confidential" for any purpose other than this litigation. In the context of this litigation, plaintiff, his counsel, and his counsel's staff shall have access to these provisionally confidential documents, and plaintiff, his counsel, and his counsel's staff may disclose these provisionally confidential documents to expert witnesses consulted or retained for the purpose of this lawsuit. The parties may also show provisionally confidential documents to witnesses at deposition, and it is the responsibility of counsel to *cooperate* to preserve the confidentiality of such documents shown to a witness during deposition.

      c.      By no later than December 13, 2010, at 5:00 p.m.. defendant shall serve plaintiff with a "Confidential Document Log" that identifies *each document*—not simply categories of documents—that defendant wishes to designate as confidential and the specific basis for the designation of that document as confidential, i.e., the specific good cause that supports protection of the specific document listed.

      d.      On or before January 13, 2011, plaintiff shall serve defendant with a response to defendant's "Confidential Document Log." Plaintiff's response shall identify whether plaintiff agrees or disagrees with each of defendant's confidentiality designations and the basis for any dispute regarding each disputed designation.

      e.      On or before February 11, 2011, counsel for plaintiff and defendant shall meet and confer *in good faith* regarding any disputed confidentiality designations. Thereafter, if disputes remain as to defendant's designations, the parties may present such disputes to the court in the form of a succinct Joint Statement Re Discovery Disagreement. The court will set a hearing regarding resolution of any such disputes if necessary.

      f.      The parties should note that nothing in this order precludes the parties from otherwise entering into a private agreement that amicably resolves the present dispute regarding confidential documents and is more tailored to the parties' concerns regarding the confidentiality of documents to be produced. If such an alternate agreement is reached, the parties shall notify the court of the same. In the absence of such an agreement, the procedures outlined above shall control. In any event, attempts to reach an alternative agreement will not justify defendant's failure to produce documents and information on or before November 12, 2010.

      3.      Plaintiff's motion to compel the production of confidential and non-confidential documents responsive to plaintiff's requests for production numbered 8, 9, 10, 11, 12, 18, and 21 (Dkt. No. 19) is granted. Defendant shall produce such responsive documents to plaintiff on or before November 12, 2010. However, any responsive documents that defendant

believes *in good faith* are confidential shall be subject to the procedures outlined above with respect to the initial production of confidential documents and information and the ultimate resolution of disputes regarding the designation of particular documents and information as confidential. In any event, defendant shall produce such documents on or before November 12, 2010.

        4.      Plaintiff's request for $5,000 in monetary sanctions is denied without prejudice.

IT IS SO ORDERED.

DATED: November 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE